UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 26-mj-141 DTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER OF DETENTION** |
| | ) |
| KYLE WAGNER, | ) |
| | ) |
| Defendant. | ) |

This matter came before the Court on February 5, 2026, for a Rule 40 removal hearing during which the issues of identity, probable cause, and detention were adjudicated. Kyle Wagner appeared in custody on a criminal complaint originating out of the Eastern District of Michigan and was represented by Lisa Lopez. The United States was represented by Assistant United States Attorney Eaton Brown.

Mr. Wagner is charged by federal complaint alleging one count of interstate communications, in violation of Title 18, United States Code, Section 875(c), and one count of cyberstalking, in violation of Title 18, United States Code, Section 2261A(2). Following Mr. Wagner's waiver of identity, the government proceeded by proffer and relied on the contents of the criminal complaint, the oral recommendation for detention made by the pretrial services officer, and the circumstances of Mr. Wagner's arrest.

The government's proffer detailed a series of Mr. Wagner's social media postings to his Instagram and Facebook accounts during January 2026. In them, the government represented that Mr. Wagner, a self-proclaimed member of Antifa, Satanist, and "crazy leftist," demonstrated a persistent and escalating opposition to ICE operations, including

conspiring and threatening to assault federal law enforcement officers, and to impede and interfere with federal law enforcement. The government also proffered that Mr. Wagner advocated for his followers to "put their hands on" federal law enforcement, "hunt ice (sic)…arm yourselves and work in crowds" and threatened those "scums" who he viewed as opposing his beliefs warning, "If you side with [the I.C.E. agent]…We're coming for you, too."

The government further proffered that on January 29, 2026, Mr. Wagner "doxed" J.S., a purported I.C.E. supporter, revealing in a post on Instagram J.S.'s name, date of birth, phone number, and home address in Michigan. The government further proffered that Mr. Wagner followed that post by calling J.S. a "nazi boy" and warning him "we can all knock on strangers (sic) doors… See you soon kiddo-stay safe out here." Mr. Wagner then published the home address of J.S.'s parents on Instagram. These statements evaluated in the context of Mr. Wagner's other social media posts evince an intent to injure or harass J.S., and or his family. These statements would also reasonably be expected to cause substantial emotional distress or fear for J.S. and his family.

The government also proffered that upon arrest, Mr. Wagner threatened agents, assaulted them, spit on them, and expressed an intent to kill warning, "don't let me out." During his booking photo, he held up the middle fingers of both hands and said, "This is for the judge."

Based on the proffer of the government and the contents of the criminal complaint, the Court finds that the complaint is supported by probable cause.

As for the issue of detention, the Court finds that government has met its burden to show that Mr. Wagner presents a risk of flight and a danger to the community. The Court considers the nature and circumstances of the offense and the nature and seriousness of danger posed by Mr. Wagner if he were released on bond. The Court weighs Mr. Wagner's disclosure of J.S.'s personal information and the implied threat to injure, harass or intimidate J.S. and his parents. The weight of the evidence also tends to support detention. Mr. Wagner's recorded social media posts in which he expresses his anger and frustration, and encourages his supporters to join him in obstructing, impeding, and assaulting officers and those who support the efforts of law enforcement are voluminous. As to evidence of the risk of Mr. Wagner's nonappearance in future court proceedings, the Court gives weight to Mr. Wagner's lack of job security and his admitted lack of stable housing over the last year. Additionally, in his posts on social media, Mr. Wagner expressed a desire to "evade" law enforcement. Lastly, Mr. Wagner's strong ties to Minnesota weigh in favor of detention because the criminal complaint arises in another district.

Upon consideration of the entire record before the Court, and the factors listed in 18 U.S.C. § 3142(g), the Court concludes by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community if Mr. Wagner is released pending trial. The Court further concludes by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the appearance of Mr. Wagner as required at future Court proceedings. Accordingly, the Court grants the United States' motion for detention.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The motion of the United States for detention is GRANTED;

2. Mr. Wagner is committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. Mr. Wagner shall be afforded reasonable opportunity to consult privately with counsel; and

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which Mr. Wagner is confined shall deliver Mr. Wagner to the United States Marshal for the purpose of appearance in connection with further court proceedings.

Dated:  February 6, 2026

<u>s/David T. Schultz</u><br>
DAVID T. SCHULTZ<br>
United States Magistrate Judge